STATE et al., Respondents v. SMALL et al., Appellants

(187 N.W.2d 573)

(File No. 10869. Opinion filed May 28, 1971)

**Charles Poches, Jr.,** Fort Pierre, for defendants-appellants.

**Gordon Mydland,** Atty. Gen., **Keith A. Tidball,** Sp. Asst. Atty. Gen., Pierre, for plaintiffs-respondents.

PER CURIAM.

The State of South Dakota and the Livestock Sanitary Board brought this action to enjoin the appellants from failing and refusing to have their cattle tested and from interfering with the testing of appellants' cattle for brucellosis by the State Livestock Sanitary Board. The trial court entered a permanent restraining order enjoining appellants from preventing, or interfering with, the State Livestock Sanitary Board's testing of appellants' cattle for brucellosis. From this order appellants appeal.

Appellants question the constitutionality of SDCL 40-7 on the grounds that the legislature has delegated its rulemaking authority for the administration of the brucellosis testing law to the United States Department of Agriculture and more specifically to the Agricultural Research Service, Animal Disease Eradication Division thereof.

Appellants object specifically to SDCL 40-7-5 and 40-7-7, which provide:

> "40-7-5. State declared brucellosis eradication area —Federally approved methods and rules.—The state of South Dakota is hereby declared to be and is hereby continued as an area for the control and eradication of bovine brucellosis and for the establishing and maintaining this state as a modified certified area, and certifying each county thereof as such, under the terms and specifications of uniform methods and rules approved by the agricultural research service, animal disease eradication division for the control and eradication of brucellosis in livestock."

> "40-7-7. Inspection and testing of all cattle in state authorized.—The state livestock sanitary board is authorized to inspect, examine, and test for brucell-

osis any and all cattle in this state as may be required under the uniform methods and rules approved by the agricultural research service, animal disease eradication division to establish the state and all counties thereof as modified certified brucellosis area."

Both statutes refer to the Agricultural Research Service, Animal Disease Eradication Division. This is clarified in SDCL 40-7-6 as being a service and division of the United States Department of Agriculture.

Appellants also refer to SDCL 40-7-10 which sets forth the ring test.

"* * * in the manner approved by the United States department of agriculture".

However, the statute also goes on to state,

"* * * and the South Dakota livestock sanitary board and made by an authorized representative of the South Dakota livestock sanitary board."

Appellants also object to SDCL 40-7-12 wherein it is stated,

"* * * under the specifications of the recommended uniform methods and rules."

In 1964 the board by virtue of SDCL 40-3-14 adopted Regulation No. 10, being the recommendations of the Agricultural Research Service, Animal Disease Eradication Division of the United States Department of Agriculture. (A.R.S. 91-10-3, February 1963, Brucellosis Eradication, Recommended Uniform Methods and Rules, Agricultural Research Service, United States Department of Agriculture). SDCL 40-7-5 and 40-7-7 were not adopted by the legislature until the legislative session of 1965. The recommended uniform methods and rules of the United States Department of Agriculture have not been changed since February 1963 and Regulation No. 10 of the State Livestock Sanitary Board has not been amended or changed since the original adoption in 1964.

The eradication of bovine brucellosis is a national program designed to eliminate the disease from the United

States and operates under joint federal-state arrangement.[1] Each state has provided its own law for the program.

This brings us to the question as to whether the legislature intended to delegate authority to the United States Department of Agriculture or, on the other hand, intended to limit the authority of the state board by § 40-7-7 in its rule-making powers. The program is dual in nature. It requires action and cooperation by both the state and the United States Department of Agriculture. Federal law (21 U.S.C.A. § 114a) and regulations issued thereunder by the Secretary of Agriculture, United States Department of Agriculture, supersede state law and regulations by the state board. See 81 C.J.S. States § 7, p. 879. In the absence of SDCL 40-7, South Dakota would have to comply with the recommended uniform methods and rules of the United States Department of

1. Regulation No. 10 as applied to the dual nature of the program provides as to pertinent parts as follows: "5. OFFICIAL TEST, means a plate or tube agglutination blood test or a plate or tube agglutination milk or cream test made with blood, milk or cream samples taken in a manner approved by the state veterinarian with an approved antigen in the manner approved by the United States Department of Agriculture and the South Dakota Livestock Sanitary Board and made by an authorized representative of the South Dakota Livestock Sanitary Board. Official test shall also include other tests which may in the future be designated and approved in writing by the State Veterinarian. 6. BRUCELLA RING TEST or ABORTUS BRUCELLA RING TEST, means the Brucella abortus ring test made with whole milk or cream and an approved antigen in the manner approved by the United States Department of Agriculture and the South Dakota Livestock Sanitary Board and made by an authorized representative of the South Dakota Livestock Sanitary Board. * * * 11. OFFICIAL PERMIT—is a permit issued by an authorized agent of the Livestock Sanitary Board and the Animal Disease Eradication Branch. * * * 15. * * * C. **Modified Certified Brucellosis Disease Free Area**—The provisions of the individual certified herd plan that relate to testing, cleaning and disinfecting shall apply to the modified certified area plan. The extent of the area shall be determined by the cooperating State and Federal Agencies. When an area has been designated and the required percentage of herds and cattle included under any of the plans is obtained, the area shall be placed under quarantine and the following rules apply: * * *"

Agriculture whether or not the state desired to cooperate in the program.

The legislature's constitutional authority in this case is based on "police power" as public health is involved. See Anderson v. Russell, 64 S.D. 436, 268 N.W. 386, wherein this court held that the legislature has power, under the general police power inherent in any sovereign state, to enact laws in reference to the eradication of communicable disease in domestic livestock.

■ In 16 C.J.S. Constitutional Law § 138(19), p. 618, it is stated:

> "The legislature may, however, enact laws in general terms for the public health or safety, and vest in administrative agencies a large measure of discretion in enforcing them, it being sufficient that a definite policy be established for their guidance."

In the case of Affiliated Dist. Brands v. Gillis, 81 S.D. 44, 130 N.W.2d 597, this court held that in the theory of administrative rule making there are two prerequisites:

> "(1) an expressed legislative will, and
>
> (2) legislative imposition of limitations on the administrative agencies' power to adopt rules and regulations."

■ The questioned statutes are in accordance with the rule. SDCL 40-7-5 could hardly be a clearer expression of the legislature's will to make South Dakota an area for the control and eradication of brucellosis and for establishing and maintaining the state as a modified certified area. Moreover, the legislature imposed limitations on the Livestock Sanitary Board's power to adopt rules and regulations by requiring that their authority be limited to the United States Department of Agriculture's recommended uniform methods and rules. Certification is of a dual nature between the United States Department of Agriculture and the Livestock Sanitary Board as to whether South Dakota will be

certified as a modified area. For this reason there is no abdication by the legislature of its power to the United States as the state board is always in a position to exert as much final authority as the Department of Agriculture.

We hold that this was not a delegation of authority to the United States Department of Agriculture, but a limitation on the Livestock Sanitary Board's rule making and general authority.

Affirmed.

RENTTO, P. J., and HANSON, BIEGELMEIER and WOLLMAN, JJ., concur.

WINANS, J., not participating.